400 So.2d 99 (1981)
Arthur FARMER, Appellant,
v.
CITY OF FORT LAUDERDALE, Appellee.
No. 80-326.
District Court of Appeal of Florida, Fourth District.
June 10, 1981.
Rehearing Denied July 17, 1981.
Bruce H. Little and Michael G. Widoff, Fort Lauderdale, for appellant.
Donald R. Hall, City Atty. of the City of Fort Lauderdale and Larry H. Eaker, Asst. City Atty., Fort Lauderdale, for appellee.
DOWNEY, Judge.
This is an appeal from an order of the Circuit Court of the Seventeenth Judicial Circuit affirming an order of the Civil Service Board of the City of Fort Lauderdale which affirmed the action of the City of Fort Lauderdale in discharging Arthur Farmer from the City Police Department. The appeal will be treated as a petition for writ of certiorari pursuant to Florida Appellate Rule 9.030(b)(2)(B).
*100 The underlying facts of this case are not in dispute. It appears that on April 28, 1978, Farmer was working special duty at the Southeast Bank of Broward County. One of his responsibilities was to wheel the portable bus vault from the teller's window to the main vault. On the day in question approximately $10,000 was reported missing from one of the portable "bus" vaults. All bank employees having access to the vault were required to undergo polygraph testing and were cleared of suspicion as a result of the tests. Farmer, however, consistently refused to take a polygraph test.
The investigation, begun by the Federal Bureau of Investigation, was turned over to the Fort Lauderdale Police Department. In conjunction with this investigation the United States Attorney for the Southern District of Florida and the State Attorney for the Seventeenth Judicial Circuit promised Farmer that he would receive use immunity as to anything he said during the polygraph test if future criminal prosecution resulted. However, Farmer still refused to submit to a polygraph examination, and thus he was discharged.
The issue involved here is whether a police officer can be discharged from the police department for refusing to submit to a polygraph examination when ordered to do so by his superior officer so long as he is not required to waive immunity from a prosecution based on the results of the examination. The City, The Civil Service Board, and the circuit court held that he could be discharged. In State of Florida Department of Highway Safety and Motor Vehicles v. Zimmer, 398 So.2d 463, (Fla. 4th DCA 1981), we also approved the discharge of a police officer under similar circumstances.
Accordingly, on authority of State of Florida Department of Highway Safety and Motor Vehicles v. Zimmer, supra, the petition for certiorari is denied.
SHARP, G. KENDALL, Associate Judge, concurs.
HURLEY, J., dissents with opinion.
HURLEY, Judge, dissenting:
I respectfully dissent and would adopt the rationale set forth by Judge Anstead in his dissenting opinion in State of Florida Department of Highway Safety and Motor Vehicles v. Zimmer, 398 So.2d 463 (Fla. 4th DCA, 1981).